**VOLKSWAGEN OF AMERICA, INC., et al., Plaintiffs-Appellants,**

v.

**Anders JAHRE et al., Defendants-Third-Party Plaintiffs-Appellees, VOLKSWAGENWERK A. G. et al., Third-Party Defendants-Appellants.**

No. 72–2794
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1973.

---

*Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York, 5 Cir. 1970, 431 F.2d 409, Part I.

F. A. Courtenay, Jr., New Orleans, La., for Volkswagen of America and others.

M. D. Yager, Benjamin W. Yancey, New Orleans, La., for Jahre.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered in a maritime action brought to recover compensation for damages to Volkswagen automobiles that were carried aboard the MS JAROSA from Emden, Germany, to New Orleans, Louisiana, in December, 1967. Plaintiffs-appellants, Volkswagen of America, Inc., the purchaser of the automobiles, and Frankfurter Versicherungs A. G., the cargo underwriter, filed suit against defendants-appellees, the MS JAROSA and her owner and operator, Anders Jahre. Anders Jahre brought a third-party action against Volkswagenwerk A. G., the manufacturer of the automobiles, and Wolfsburger Transport Gesellschaft m.b.h., the time-charterer of the MS JAROSA, both of which are also appellants.

The case was submitted for decision below on the pleadings, depositions, documentary evidence, and briefs of counsel—no oral testimony was received. The ultimate question is who was responsible for various defects, principally water damage, rust, and corrosion, discovered on the automobiles when they reached New Orleans. Appellants contend that the cars were delivered to the shipper in undamaged condition and that all damages were sustained during the crossing of the Atlantic. Appellees insist that they were in no way responsible for the damage sustained, and that, in fact, the automobiles were exposed to water immediately prior to and during their loading, which occurred during a snowstorm and while much sea spray was in the air. The court below studied the evidence and entered detailed findings of fact and conclusions of law, which reproduced verbatim proposed findings and conclusions submitted to the court by Anders Jahre. The trial judge found that appellees' version of the facts was correct—that the damage was caused by pre-shipping exposure—and entered judgment in favor of appellees, dismissing the principal suit and the third-party action.

Appellants raise four issues on appeal. Although we find that each is without legal merit, we feel that because of the frequency with which these and similar arguments are presented to this Court, a brief discussion of each argument may serve some purpose.

I.

■ Appellants first urge that this Court "is not limited by the findings below because all of the evidence was either documentary or in transcript form. The district court had no better opportunity to judge the credibility of the witnesses. Rule 52 [of the Federal Rules of Civil Procedure] does not ap-

ply." This broad statement indeed appears in and was applied to the facts of the case in Frazier v. Alabama Motor Club, Inc., 5 Cir. 1965, 349 F.2d 456. Although it is true that the application of Rule 52(a) is somewhat modified when an action is tried without a jury and is submitted to the district court entirely upon depositions and documentary evidence, the clearly erroneous test still applies. The true rule was stated by Judge Wisdom as follows:

> "The appellant's burden, under Fed.R. Civ.P. 52(a), of showing that the trial judge's findings of fact are 'clearly erroneous' is not as heavy . . . as it would be if the case had turned on the credibility of witnesses appearing before the trial judge. . . . However, regardless of the documentary nature of the .evidence and the process of drawing inferences from undisputed facts, the reviewing court must apply the 'clearly erroneous' test."

Sicula Oceanica, S.A. v. Wilmar Marine Eng. & Sales Corp., 5 Cir. 1969, 413 F.2d 1332, 1333–1334 (citations and footnotes omitted). *Accord,* United States v. Stringfellow, 5 Cir. 1969, 414 F.2d 696.

■ The Sicula Oceanica case teaches that it is our duty, when these cases are presented for review, to study the entire record thoroughly and to determine whether we are "left with the definite and firm conviction that a mistake has been committed." *See* United States v. United States Gypsum Co., 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 2d 746, 766. Our scrutiny of the instant record, briefly discussed *infra*, does *not* leave us with the definite and firm conviction that a mistake has been made, and we therefore do not find that the district court's findings are clearly erroneous.

## II.

■ Appellants next argue that we should treat the findings of fact and conclusions of law entered below as being "clearly suspect" because they were adopted verbatim from proposed findings and conclusions submitted by appellees. Although some courts have reached that position, *e. g.*, In re Las Colinas, Inc., 1 Cir. 1970, 426 F.2d 1005, this Circuit does not suspend Rule 52(a) in such circumstances. When a district judge enters his findings, they become formally his and are measured by the normal standard of review. E. g., Railex Corp. v. Speed Check Co., 5 Cir. 1972, 457 F.2d 1040; Louis Dreyfus & CIE. v. Panama Canal Co., 5 Cir. 1962, 298 F.2d 733. These two Fifth Circuit cases stated the same rule, but it bears repeating:

> "We disapprove of the practice of a trial judge's uncritically accepting proposed findings, but this unfortunate practice does not erase the 'clearly erroneous' rule. . . . When substantial evidence supports a finding it will not be found clearly erroneous merely because the expression of the finding was adopted from a proposal by counsel."

## III. & IV.

Appellants' third argument is that the trial court misconstrued the burdens of proof applicable to an action such as this one. With this argument appellants intertwine their final point, that the findings entered were based on rank speculation. The points are closely related, and having considered them together, we find that neither is meritorious. Both turn upon the particular findings entered below and, having refused to apply an extraordinary standard of appellate review, we hold that those findings are not clearly erroneous. Keeping appellants' vigorous criticisms in mind, we have parsed and thoroughly scrutinized the entire record. We find ample support in the evidence from which the learned judge below could properly infer that the damage to the automobiles was not sustained in shipment due to any fault of appellees. An exhaustive review in this opinion of all the evidence contained in the record is neither necessary nor appropriate. Suf-

fice it to say that there was plenteous evidence before the trial court that the automobiles were exposed to the elements before shipping and that they were not further exposed to water after they were placed aboard the MS JAROSA.

Affirmed.