505 F.2d 647
 John Frederick BARTELT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
No. 74-1793 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 26, 1974.
 
 Victor R. Arditti, El Paso, Tex. (Court-appointed), for plaintiff-appellant.
 William S. Sessions, U.S. Atty., San Antonio, Tex., William B. Hardie, Jr., Asst. U.S. Atty., El Paso, Tex., for defendant-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Appellant filed a 2255 motion to vacate the sentence from a jury trial conviction under 8 U.S.C. 1324(a)(2), the illegal transportation of aliens. He alleged that his retained counsel was ineffective for failing to prosecute and perfect a direct criminal appeal. The District Court denied the motion without a hearing, and we vacated and remanded for an evidentiary hearing. Bartelt v. Guinn, 5 Cir., 1973, 485 F.2d 250.
 
 
 2
 At the evidentiary hearing the District Judge was faced with the conflicting testimony of the appellant and appellant's formerly retained counsel, Mr. Moyers, as to their agreement concerning appellant's appeal from the 8 U.S.C. 1324(a)(2) conviction and sentence of February 12, 1971.
 
 
 3
 A copy of a letter dated April 20, 1971 from Moyers to appellant was submitted into evidence in which Mr. Moyers stated that he would not pursue appellant's appeal since appellant's alleged new evidence had not been produced and Moyer's trial fee remained unpaid as well as any payment towards an appeal.
 
 
 4
 Appellant testified at the evidentiary hearing that his first indication that Moyers would not handle his appeal was in a letter sent to him by Moyers dated April 20, 1971, after the time for appeal. However, Moyers testified that the oral understanding all along was that he would proceed with an appeal only on the conditions that appellant's alleged new evidence was forthcoming and that appellant pay his legal fee for the trial and the appeal.
 
 
 5
 Choosing to credit the testimony of Mr. Moyers,[1] the District Court found that appellant's retained counsel adequately represented appellant and properly notified him that if legal fees and new evidence were not forthcoming, he could not handle the appeal. Further, the trial court found that appellant was aware from his past criminal record and experience that an indigent is entitled to an appointed attorney on appeal.[2]
 
 
 6
 On these findings of fact, the District Court denied relief. The findings of the District Court are not clearly erroneous and we therefore affirm. United States v. Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746, 765; Volkswagen of America, Inc. v. Jahre, 5 Cir., 1973, 472 F.2d 557, 559; Hayes v. United States, 5 Cir., 1972, 464 F.2d 1252, 1261; United States v. Strother, 5 Cir., 1972, 458 F.2d 424, 430; Martin v. United States, 5 Cir., 1968, 399 F.2d 708; Fed.R.Civ.P. 52(a).
 
 
 7
 We have carefully examined the record and are not 'left with a definite and firm conviction that a mistake has been committed.' B. H. Bunn Co. v. AAA Replacement Parts Co., 5 Cir., 1971, 451 F.2d 1254, 1260; Lee v. United States, 5 Cir., 1972, 466 F.2d 11, 15; Lanassee v. Travelers Ins. Co., 5 Cir., 1971, 450 F.2d 580, 583, cert. denied, Chevron Oil Co. v. California, 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 120; Lentz v. Metropolitan Life Ins. Co., 5 Cir., 1970, 428 F.2d 36, 39; Chaney v. City of Galveston, 5 Cir., 1966, 368 F.2d 774, 776; Gibbs v. Tomlinson, 5 Cir., 1966, 362 F.2d 394, 397; Smith v. United States, 5 Cir., 1961, 287 F.2d 299, 301. The record contains sufficient evidence to support the trial court's finding.
 
 
 8
 Affirmed.
 
 
 
 [1]
 Attorney Moyers testified at several points throughout the evidentiary hearing that appellant was always aware that the appeal would not be pursued unless certain conditions were met:
 After Mr. Bartelt was convicted I did talk to him about an appeal. I told him that I thought the only grounds of appeal-- let me back up and say that after he was already convicted, then he said he had some more witnesses that could prove that the two Government witnesses were lying. This had never been mentioned to me. They were suppose to be some of the family, some of these witnesses. This is the first time I had learned of it. I spoke to him and said we had to show that due diligence was exercised prior to trial and I would proceed with an appeal if he paid my fee, paid the expenses and paid my fee for the appeal, and if in fact these friends could come up with the evidence he claimed they could come up with, we would proceed.
 Transcript of Proceedings, D.Ct., W.D.
 Texas, Feb. 21, 1974, at P. 25.
 Q To get the record straight, then, Mr. Moyers, you did contract for the trial only, is this correct?
 A That is correct.
 Q And there was no contract for any appeal whatsoever?
 A No.
 Q And there were never any indications by you that you would handled the appeal for this man?
 A The conditions were if the evidence were presented to me and if the old fee were paid and if the expenses were paid and if the fee for the appeal were paid, but I did not, as I stated in my letter, care to prosecute what I felt was a frivolous appeal financed with my own money.
 Id. at p. 31.
 
 
 [2]
 The findings of the District Court in its order of February 6, 1974 at the conclusion of the evidentiary hearing are as follows:
 From the testimony offered and the exhibits submitted to the Court, the Court does find and conclude that at the original trial the Petitioner was able and adequately represented by retained counsel. That the Petitioner was fully aware at all times of his rights and of the action and intention of the attorney in this case, that said attorney, in proper time and manner, advised the Petitioner that he would have to have funds with which to prepare the appeal and obtain the Transcript. Petitioner was fully aware of the opinion of his attorney that the only basis for a new trial or an appeal must be based on newly discovered evidence which the Petitioner had promised to obtain for him but wholly failed to do. The Petitioner from his past criminal record and experience was fully aware of his rights. The Petitioner was fully aware of his right to have an attorney appointed to appeal on his behalf if he desired to appeal and did not have funds to do so. By his own testimony at the time the appeal could have been perfected and should have been perfected, Petitioner was able to obtain funds to pay his attorney or another attorney to prosecute his appeal, and consequently was not deprived of any rights. The Court finds that Petitioner because of the opinion of his attorney that the appeal would be useless without newly discovered evidence which Petitioner could not obtain abandoned said appeal.
 The Court finds that his employed counsel was a competent attorney, that he fully and ably represented him and that the Petitioner was not deprived of his right to appeal.