UNITED STATES of America,
Plaintiff-Appellee,

v.

Harold Lee DEAL, Defendant-Appellant.

No. 81–7630.

United States Court of Appeals,
Eleventh Circuit.

June 18, 1982.

Pashley & Mers, Bruce E. Pashley, Scott J. Mers, Atlanta, Ga., for defendant-appellant.

Steven R. Wisebram, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT and HENDERSON, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

Harold Lee Deal appeals the denial of his motion to vacate his sentence brought pursuant to the provisions of 28 U.S.C. § 2255 in which he challenges the voluntariness of his plea of guilty in the United States District Court for the Northern District of Georgia. We affirm.

Deal was indicted on September 2, 1976, in the United States District Court for the Southern District of Florida for knowingly and intentionally transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314. According to Deal, he picked up a trailer loaded with carpeting in Dalton, Georgia at the direction of his employer and drove it to a designated location in Atlanta. He left the tractor-trailer rig for a time and when he returned he noticed the advertising decals had been changed and the trailer had been sealed. The Interstate Commerce Commission (ICC) identification numbers remained unaltered. He drove the trailer to Fort Pierce, Florida. Police in Fort Pierce apparently identified the trailer as stolen from the ICC markings and arrested Deal.

During his incarceration in a Florida jail he became concerned with the medical condition of his pregnant wife in Atlanta and sought advice from two FBI agents. Deal relates that the agents informed him that his case could be transferred to the Northern District of Georgia under Rule 20 of the Federal Rules of Criminal Procedure if he agreed to plead guilty.[1] The agents purportedly told Deal that Rule 20 was the only means by which the case could be transferred. Neither agent mentioned the possibility of a transfer pursuant to Rule 21 of the Federal Rules of Criminal Procedure which does not require a guilty plea.[2] Apparently, the agents themselves were not aware of the availability of a Rule 21 transfer at the time they spoke with Deal. *See* Record, vol. 1, at 82–83. All of these facts, alleged by Deal, are not authenticated by any evidence in the record. The appellant also claims that an attorney from the Federal Public Defender Program who visited him in the Florida jail declined to represent him or give legal advice. These assertions also lack support in the record.

Deal contends that under these circumstances he decided to plead guilty and consented to a Rule 20 transfer to the Northern District of Georgia. The transfer was approved by the United States attor-

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Fed.R.Crim.P. 20 states in pertinent part:
 (a) Indictment or Information Pending. A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which he was arrested, held, or present, subject to the approval of the United States attorney for each district.

2. Fed.R.Crim.P. 21 reads in part:
 (b) Transfer in Other Cases. For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district.

ney for each district.[3] After the case was docketed in the Northern District of Georgia and prior to his arraignment, an attorney was appointed to represent him. With the advice of counsel, Deal negotiated a plea of guilty and appeared before a district judge of the Northern District of Georgia. At the arraignment hearing, the district judge questioned the appellant on the circumstances and consequences of his guilty plea, as required by Rule 11 of the Federal Rules of Criminal Procedure. Thereafter, the judge accepted the plea and sentenced Deal to the custody of the Attorney General for five years, suspended the sentence and placed him on probation for five years. Probation was later revoked in July, 1980, and the district court imposed another five year suspended sentence and five years probation. *See* Record, vol. 1 at 17. On October 9, 1980, almost four years after he was initially sentenced, Deal filed this motion under 28 U.S.C. § 2255 to "vacate, set aside, or correct" his sentence. Record, vol. 1, at 26. The United States District Court for the Northern District of Georgia denied the motion without an evidentiary hearing as untimely and alternatively, on the merits. Deal then submitted a more factually detailed motion for reconsideration which was also denied, and he appealed to this court. Since we affirm the district court on the merits, we do not reach the timeliness issue.

On appeal, the appellant urges that (1) the district court accepting his plea of guilty improperly determined that the plea was voluntary, in violation of Federal Rule of Criminal Procedure 11(d).[4]; (2) there was no factual basis for his plea of guilty as required by Federal Rule of Criminal Procedure 11(f)[5]; and (3) the district court failed to advise him of certain rights

---

3. At oral argument, a question arose as to the validity of the Rule 20 transfer. Rule 20(a) is only available to a defendant "arrested, held, or present" in a district *other than* the one in which the indictment is pending. *See* footnote 1. Since Deal was arrested in Florida—the same district in which the indictment was returned—we questioned the propriety of the transfer. However, a closer examination of the record discloses that Deal posted bail in Florida and apparently traveled to the Northern District of Georgia prior to initiating his efforts to effectuate the transfer. Thus, he was "present" in the Northern District of Georgia when he filed the necessary form to transfer the case from Florida to Georgia. In view of these facts, the transfer comported with the requirements of Rule 20.

4. Federal Rule of Criminal Procedure 11(d) provides:

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

The requirements of Rule 11 are designed to insure, as much as possible, that the defendant validly waived his constitutional rights by his guilty plea. *See McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, (1969). Therefore, a knowing and voluntary plea of guilty, made with the advice of counsel, waives all non-jurisdictional defects in the proceedings. *United States v. Broussard*, 645 F.2d 504 (5th Cir. 1981); *United States v. Sepe*, 474 F.2d 784 (5th Cir. 1973); *Smith v. Smith*, 433 F.2d 582 (5th Cir. 1970). In his § 2255 petition, the appellant claimed that the "plea of 'Guilty' which formed the basis of [his] conviction was:

(i) unlawfully induced by prosecutorial misrepresentation and abuse of Fed.R.Crim.P. 20;
(ii) neither voluntary nor knowingly made due to such misrepresentation and abuse;
(iii) without a factual basis in that the Petitioner was without knowledge that said trailer or carpets were stolen; and,
(iv) the result of ineffective assistance of counsel in that the Federal Public Defender in Florida failed and refused to represent the Petitioner."

Record, vol. 2, at 27–28. Strictly speaking, grounds (i) and (iv) would be waived if the appellant's plea was knowing and voluntary as mandated by Rule 11. However, we understand him to complain that these claims actually contributed to the involuntariness of his plea. Consequently, we consider these allegations as bearing on the voluntariness issue.

5. Fed.R.Crim.P. 11(f) states:

(f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

before accepting his plea, in disregard of Federal Rule of Criminal Procedure 11(c)(3).[6] As noted earlier, the district court denied the § 2255 motion without a hearing. A § 2255 hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255. *See Wright v. United States,* 624 F.2d 557 (5th Cir. 1980); *Hart v. United States,* 565 F.2d 360 (5th Cir. 1978). *See also* Rules Governing § 2255 Proceedings, Rule 4(b). We agree with the trial court that the entire record in the instant case is so conclusive as to obviate the need for an evidentiary hearing. Also, on appellate review, we must accept the findings of fact made by the district court in its § 2255 determination unless they are clearly erroneous. *Cheely v. United States,* 535 F.2d 934 (5th Cir. 1976); *Bartelt v. United States,* 505 F.2d 647 (5th Cir. 1974); *United States v. Strother,* 458 F.2d 424 (5th Cir.), *cert. denied,* 409 U.S. 1011, 93 S.Ct. 456, 34 L.Ed.2d 305 (1972). *Cf. United States v. Dayton,* 604 F.2d 931 (5th Cir. 1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980) (clearly erroneous standard also applies on direct appeal of a Rule 11 hearing).

For the most part, Deal relies on the events surrounding his confinement in the Florida jail to establish the purported involuntariness of his plea of guilty.[7] He reasons that the voluntariness of his plea in Georgia was somehow affected by the refusal of the Florida Public Defender to represent him and the advice of the FBI agents that a plea of guilty was his only hope for a transfer of the case to Georgia. Yet he was able to post bail and return to Georgia where an attorney was promptly appointed to represent him before the arraignment. There is no suggestion that he did not have ample time to consult with his appointed counsel or that his attorney's efforts were inadequate at any stages of the proceedings. He apparently made no mention of his Florida difficulties to the lawyer, nor did he inquire as to the possibility of moving the trial on a not guilty plea to the Northern District of Georgia.

Before accepting a guilty plea, the judge is required to address the defendant personally in open court and then must make a determination that the plea is voluntary. Fed.R.Crim.P. 11(d). Since a guilty plea is also a waiver of constitutional trial rights, it "not only must be voluntary but must be [a] knowing, intelligent [act] done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970) (footnote omitted). The voluntariness of a plea is ascertained in light of all the relevant surrounding circumstances. *Id.,* 397 U.S. at 749, 90 S.Ct. at 1469, 25 L.Ed.2d at 757. The United States Supreme Court has furnished guidance in making that judgment:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harrassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes).

---

**6.** Fed.R.Crim.P. 11(c)(3) reads:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against

him, and the right not to be compelled to incriminate himself.

**7.** We have searched the record and find no evidence, other than the appellant's own allegations, to support his assertions. He submitted one unsigned letter as an exhibit which cannot be accepted as valid evidence. Nevertheless, we review this complaint on the basis of the allegations found in his § 2255 motion and subsequent motion for reconsideration.

*Id.*, 397 U.S. at 755, 90 S.Ct. at 1472, 25 L.Ed.2d at 760, *quoting Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (*en banc*), *rev'd on other grounds*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958) (citation omitted). Employing this standard, the Supreme Court concluded that an otherwise voluntary guilty plea was not coerced even if it was made to avoid the imposition of the death sentence. The plea was upheld as voluntary although the statute authorizing the death sentence was subsequently ruled unconstitutional. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In another instance, the Court stated: a "plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 773 (1970) (footnote omitted). Thus, in the absence of physical harm, mental coercion overbearing the will of the defendant, or intentional misrepresentation or deception, the Court has not been very receptive to claims of coerced guilty pleas.[8]

 The district court had before it a full and complete transcript of the hearing at which the appellant entered his plea of guilty. On the basis of this transcript, the judge ruled that the plea was voluntary. Record, vol. 1, at 76. At that point, the judge knew nothing of the events preceding the transfer of appellant's case to Georgia. It was only in Deal's motion for reconsideration that these allegations were made known to the court. The district court then reconsidered its initial order in light of these facts and again concluded that the plea was voluntary. Record, vol. 1, at 97–8.

In this second order, the court found that Deal was represented by counsel after the transfer of his case and that Deal then affirmed his decision to plead guilty before both the magistrate and the district judge. *Id.* These findings of fact are borne out in the following portions of the transcript:

The Court: All right, Mr. Deal, Mr. Drew Marshal is one of the public defenders, and as such has been appointed to represent you. You have been furnished with a copy of the indictment in this case, you have read it and you understand it, is that correct?

Mr. Deal: Yes, sir.

The Court: And you have discussed it with Mr. Marshal?

Mr. Deal: Yes, I have.

The Court: Are you satisfied with the services that Mr. Marshal has provided you to this point?

Mr. Deal: Yes, sir.

The Court: Do you understand, Mr. Deal, first of all let me ask you whether or not you have been addicted to any drug except alcohol?

Mr. Deal: Drugs, no, sir.

The Court: Have you ever been addicted to alcohol?

Mr. Deal: No, sir.

The Court: Have you had any substance in the last several days, tranquilizing drugs, for example, people come down here, they are nervous and they take tranquilizing drugs.

Mr. Deal: No, sir.

The Court: Have you had any substance in the last several days that might interfere with what is going on this morning?

Mr. Deal: No, sir.

. . . . .

---

8. *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) is distinguishable. In *Von Moltke*, a woman was arrested and arraigned on espionage charges. She was appointed an attorney for a brief period during the arraignment and pled not guilty. Later, without counsel and only upon the advice of several FBI lawyer-agents, she waived counsel and changed her plea to guilty. Four justices agreed with the petitioner that she did not have adequate legal advice and therefore her plea was not knowing and voluntary. Two justices

remanded for factfinding on the alleged advice of the FBI agents and the waiver of counsel. Three justices dissented. In the instant case, counsel was appointed for Deal upon his transfer to Georgia and he has never complained about the adequacy of this advice. We must assume then, that his legal representation met all constitutional requirements and that Deal had sufficient opportunity to discuss all ramifications of his case before deciding to plead guilty at the arraignment hearing in Georgia.

The Court: Do you know of anything else that you were promised or any other agreement that may have taken place that would have affected your decision to plead guilty in this case?

Mr. Deal: No, sir.

The Court: Has anybody threatened you in any way?

Mr. Deal: No, sir.

The Court: Do you know of anything else, Mr. Marshal?

Mr. Marshal: No, sir.

The Court: Mr. Baker?

Mr. Baker: No, sir.

The Court: I take it then that other than the recommendation to the Court, your decision to plead guilty is voluntary, is that correct?

Mr. Deal: Yes, sir.

The Court: Mr. Marshal, do you know of any defense your client has?

Mr. Marshal: No, sir.

The Court: Do you believe that this is the best thing for him to do?

Mr. Marshal: Yes, sir.

The Court: All right, I will accept the guilty plea.

Record, vol. 2 at 5–7, 9–10. This colloquy between the defendant and the court clearly evidences Deal's presence of mind and the free exercise of his will. He acknowledged his satisfaction with his attorney and the competence of his legal advice, while also affirming his desire to voluntarily plead guilty. His complaint of inadequate counsel in Florida is immaterial in the face of a counseled plea in Georgia. At the arraignment hearing, Deal never mentioned his Florida problems to the judge. He persisted in confessing his guilt. We agree with the district court that Deal made a knowing and voluntary plea of guilty.

■ One of the elements of the crime with which Deal was charged is knowledge that the goods were stolen at the time they were transported across state lines. *See* 18 U.S.C. § 2314. Deal now insists that he did not possess the requisite guilty knowledge. The district judge, in ruling on the § 2255 motion, found that "while he might not have participated in the actual theft of the goods, he knew they were stolen at the time he transported them to Florida." Record, vol. 1, at 98. This finding is sustained by the following exchange during the Rule 11 hearing:

The Court: Now, you have been sworn to tell the truth, and what you are saying is being recorded by the Court Reporter, it is being made in the presence of the Assistant United States Attorney, Mr. Baker. I want you to tell me what it was that you did to cause the Grand Jury to indict you.

Mr. Deal: I picked up a load of carpet here in Atlanta and took it to Florida.

The Court: You knew it was stolen?

Mr. Deal: Yes, sir.

The Court: All right, any doubt about your guilt?

Mr. Deal: No, sir.

. . . . .

The Court: Apparently from the pre-sentence report, you didn't know that this carpet was stolen until a later point when they changed it, somebody changed the decals on the trailer or something.

Mr. Deal: Your Honor, I picked the trailer up myself. I actually picked the trailer up where it was stolen from, but I didn't steal it.

The Court: You were told to pick it up by your employer, as I understand it.

Mr. Deal: Yes, sir.

The Court: Did you know you were stealing it?

Mr. Deal: No, no, sir.

The Court: Then you took it to this location and you got ready to haul it to Florida, you came back and you saw that the decals had all been changed and that is when you realized that it must have been stolen?

Mr. Deal: Yes, sir.

The Court: That's where you made your mistake.

Mr. Deal: That's where I made my mistake, and that was a big one.

Record, vol. 1 at 8–9, 18–19. From these questions and answers, it is readily apparent to us that there was a factual basis for Deal's plea.

Finally, Deal charges that the district judge who accepted the plea failed to advise him of his right to plead not guilty and of his right to counsel at trial. *See* Federal Rule of Criminal Procedure 11(c)(3).[9] The record refutes this complaint:

> The Court: All right, you understand that when you plead guilty to a charge such as this you give up certain basic rights guaranteed to you under the laws of this country. You give up the right to a speedy and public trial with a presumption of innocence in your favor until such time, if ever, as you are found guilty beyond a reasonable doubt.
>
> You give up the right to compel the Government to confront you in open court with its evidence, and to allow Mr. Marshal to cross-examine Government witnesses.
>
> You give up the right to compel witnesses to come and testify for you at no expense to you under the compulsory subpoena process.
>
> Do you understand that if you plead guilty you are giving up all those rights?
>
> Mr. Deal: Yes, sir.

Record, vol. 1 at 7. Although the district judge may not have explicitly mentioned every trial right of the defendant, it is clear that Deal understood he did have a right to a jury trial with its concomitant procedural protections and that by pleading guilty he waived these rights. It is now settled that mere formal violations of Rule 11 are not cognizable on a petition for collateral relief. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Wright v. United States*, 624 F.2d 557 (5th Cir. 1980); *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978). The Supreme Court in dealing with a similar issue stated:

> [A formal violation of Rule 11] is neither constitutional nor jurisdictional.... Nor can any claim reasonably be made that the error resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, ... but was not. And there is no basis here for allowing collateral attack 'to do service for an appeal.'

*United States v. Timmreck*, 441 U.S. at 783–4, 99 S.Ct. at 2087, 60 L.Ed.2d at 638 (citations omitted). Deal unequivocally told the judge that he understood he had a right to a trial but that he would waive that right and plead guilty. He never questioned the judge on this point nor did he ever inquire as to whether his case would be returned to Florida if he decided not to waive a jury trial.

In summary, after complete review of the record and applicable law, we are convinced that Deal knowingly and intelligently entered his plea of guilty with a full understanding of the consequences of the plea.

The judgment of the district court denying relief is AFFIRMED.

---

**9.** Appellant first raised this issue in his motion for reconsideration. Record, vol. 1, at 88–89.

*See* footnote 6.