UNITED STATES of America,

v.

**Mutulu SHAKUR, a/k/a "Jeral Wayne Williams," Cecil Ferguson, a/k/a "Mo," a/k/a "Chui," and Edward Lawrence Joseph, a/k/a "J. R.," a/k/a "Jamal," a/k/a "Tony," Defendants.**

No. 82 Cr. 312.

United States District Court,
S. D. New York.

July 30, 1982.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for the Government; Stacy J. Moritz, Asst. U. S. Atty., New York City, of counsel.

Jesse Berman, New York City, for defendant Ferguson.

William Mogulescu, New York City, for defendant Joseph.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

Other requests by the defendants for pretrial discovery having been complied with by the government, upon the argument of this motion the defendants confined themselves to the following open items which are disposed of as indicated:

■ 1. *Brady Material.* The government acknowledges its obligation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) to disclose prior to trial any exculpatory information in its possession and under its control, but contends that it "is not required to discover or ascertain evidence favorable to defendants in the possession of the Rockland County District Attorney." Government's Memorandum, page 11. This position is hypertechnical and unrealistic. It is not consonant with the concept that the interest of the government "in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

The United States Attorney does not dispute that there has been and still is cooperative activity between him and the District Attorney of Rockland County with respect to the alleged crime charged in this indictment. Consequently, there should be no difficulty in obtaining such *Brady* material in the possession of the District Attorney of Rockland County of which the United States Attorney himself does not have immediate physical possession. Surely the latter is equally mindful of his responsibility under *Brady*. The government is required to make available all *Brady* material, including any that may be in the possession of the District Attorney of Rockland County. However, should there be any difficulty encountered by the United States Attorney in obtaining the production of such material in this district, the subpoena power of the court is available to compel its production.

■ 2. *Results of Scientific Tests.* The government shall provide the defendants with the results of all scientific tests which it intends to offer at the trial as evidence; also, to advise each defendant whether or not he has been identified through the results of scientific tests conducted of items recovered on October 20, 1981 in Rockland

County; items seized at apartment 2–L, 85 Barrow Street, New York, New York; apartment 1–B at 232 West 14th Street, New York City, New York; 35 West 110th Street, New York, New York; and apartment 4–C, 590 East Third Street, Mount Vernon, New York. To the extent either defendant has been so identified, the government shall provide the defendants with the results of their reports of such tests. The government has agreed, in conformity with the foregoing, to supply the results of tests of hair samples which both defendants have agreed to provide and the handwriting exemplars which defendant Joseph has agreed to provide.

3. *Photographic Identification.* The government shall provide to the defendants as 18 U.S.C., section 3500 material, the results of the showing of any photographs of persons the government plans to call as a witness at the trial.

4. *Telephone Records and Pen Register Tapes.* The government shall provide to the defendants all telephone records and results of pen register devices utilized at various sites and which will be offered in evidence.

5. *Trial Witnesses and Identity of Others.* With respect to trial witnesses, disclosure of their statements in advance of trial is governed by 18 U.S.C., section 3500. *See Palermo v. United States,* 360 U.S. 343, 351, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959); *United States v. Sebastian,* 497 F.2d 1267, 1269 (2d Cir. 1974); *United States v. Percevault,* 490 F.2d 126, 128–29 (2d Cir. 1974).

■■■ The defendants, in addition to the foregoing, seek the identity and statements of all persons interviewed; the identity and statements of persons who failed to identify a defendant from a photo spread; all telephone records and tapes of pen register devices relating to telephone recordings at several premises and various sites. This request relates to persons the government does not intend to call as witnesses upon the trial and to matter which the government does not intend to offer thereat. The information sought is irrespective of whether it contains exculpatory material. The breadth and scope of the defendants' request in effect would require a disgorging of the government's entire investigative file. *Brady* does not entitle a defendant to a general right of pretrial discovery. "The purpose of the *Brady* rule is not to provide a defendant with a complete disclosure of all evidence in the government's file which might conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory evidence known to the government but unknown to him." *United States v. Ruggiero,* 472 F.2d 559, 604 (2d Cir.), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2772, 37 L.Ed.2d 398 (1973); *United States v. Evanchik,* 413 F.2d 950, 953 (2d Cir. 1969). So, too, while Rule 16(a) of the Federal Rules of Criminal Procedure provides a mechanism for liberal discovery, it does not authorize a rummaging of the prosecution's files. "A criminal defendant is not entitled to know everything that a Government investigation—particularly one this far-reaching—has unearthed when such information is not used against him at trial." *United States v. Arroyo-Angulo,* 580 F.2d 1137, 1144 (2d Cir.), *cert. denied,* 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260 (1978). *See United States v. Percevault,* 490 F.2d 126, 130 (2d Cir. 1974). There is no requirement that the prosecution turn over the sum of its non-productive investigation activities to a defendant. *Cf. Moore v. Illinois,* 408 U.S. 786, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972).

There has been no showing, nor does it appear, that the requested information is material to the preparation of the defense. *See United States v. Jordan,* 399 F.2d 610 (2d Cir.), *cert. denied,* 393 U.S. 1005, 89 S.Ct. 496, 21 L.Ed.2d 469 (1968); *United States v. Cafaro,* 480 F.Supp. 511, 519 (S.D.N.Y.1979).

With respect to all the foregoing, there is no reason to assume that the government is not sensitive to its obligation under *Brady.*

The application for the above described additional discovery is denied.

So ordered.