UNITED STATES of America, Plaintiff,

v.

Jose **RAMOS–CARTAGENA** (01), a/k/a "Hochi"; Nelson Cartagena–Merced (02), a/k/a "Rolo"; Josue G. Reyes–Hernandez (03), a/k/a "Cheito"; John Alexis Mojica–Baez (04), a/k/a "Abad"; Rodolfo E. Landa–Rivera (06), a/k/a Roberto León–Ramírez; Defendants.

Criminal No. 97–110(JAF).

United States District Court, D. Puerto Rico.

June 9, 1998.

---

Timothy Faerber & Maggy Davis, Asst. U.S. Attys., Guillermo Gil, U.S. Atty., San Juan, PR, for Plaintiff.

Jose F. Blanco & Richard O. Dansoh (Ramos–Cartagena),Juan R. Acevedo (Cartagena–Merced), David W. Roman (Reyes–Hernandez), Ricardo Izurrieta–Ortega (Mojica–Baez), Fernando J. Carlo–Gorbea (Landa–Rivera), San Juan, PR, for Defendants.

### MEMORANDUM ORDER

FUSTE, District Judge.

During the testimony of federal inmate and cooperating witness Luis Nevarez–Marrero in this federal trial involving an armored-truck robbery and over $5 Million stolen, two issues have arisen that require explication. First, defendants request that the government locate and produce any previous and unrelated plea agreements negotiated by Nevarez–Marrero with Puerto Rico state prosecutors for his previous convictions in the courts of the Commonwealth of Puerto Rico. Second, the government moves *in limine* to forbid the elucidation of a variety of details of the crimes for which the cooperating witness was previously convicted and sentenced. We address these issues seriatim.

### I.

■ In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court decided that, irrespective of good or bad faith, suppression by the prosecution of evidence favorable to a defendant who has requested it violates due process, where such evidence is material to either guilt or punishment. *Brady* imposes an affirmative duty on the prosecution to produce timely-requested evidence that is materially-favorable to the accused, as direct or impeaching evidence. *Brady* is a rule of fairness and of prosecutorial obligation. Evidence that may be used to substantially impeach the credibility of a government witness must also be disclosed to the defense. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

■ A *Brady* claim requires a showing that (1) the government suppressed or withheld requested evidence that was both (2) favorable and (3) material to the defense. *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

■ The *Brady* obligation only extends to material evidence of which the prosecutor is aware, *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), and is within the prosecutor's possession or control. *United States v. Morris*, 80 F.3d 1151, 1169–70 (7th Cir.1996); *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir.1991); *United States v. Chávez–Vernaza*, 844 F.2d 1368, 1375 (9th Cir.1987).

■ A question usually addressed by courts is who is to be considered as part of the prosecution for *Brady* purposes. It is clear, for example, that any information possessed by any member of the United States

Attorney's Office may be attributed to the prosecution. *United States v. Boyd*, 833 F.Supp. 1277, 1352 (N.D.Ill.1993) (citing *Giglio*, 405 U.S. at 154, 92 S.Ct. 763). The "prosecution" also includes police officers, federal agents, and other investigatory personnel who participated in the investigation and prosecution of the instant case. *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C.Cir.1992); *Carey v. Duckworth*, 738 F.2d 875, 878–79 (7th Cir.1984).

■■■ Whether a state or another federal agency may be considered part of a federal prosecution team depends upon the level of involvement between the United States Attorney's Office and the state or agency which holds the alleged *Brady* material. *See United States v. Upton*, 856 F.Supp. 727, 749 (S.D.N.Y.1994) (stating that Fed.R.Crim.P. 16 does not require federal prosecutor to search files of the Federal Aviation Administration to produce material responsive to *Brady* and discovery rule requests where there was no joint investigation between the U.S. Attorney's Office and the FAA). "The inquiry is not whether the United States Attorney's Office physically possesses the discovery material; the inquiry is the extent to which there was a 'joint investigation' with another agency." *Upton*, 856 F.Supp. at 750. *See Morris*, 80 F.3d at 1169–70 (standing for the proposition that where, as here, alleged *Brady* material was available to defendants through the exercise of reasonable diligence, they cannot expect the government to conduct their investigation for them).

■■■ The defendants claim that the United States Attorney's Office is obliged to produce any *Brady* material in possession of the Puerto Rico Department of Justice or its state prosecutors who charged and convicted Luis Nevarez–Marrero of an assortment of state crimes prior to his federal conviction in cases unrelated to the one on trial. They claim that the existing general cooperative agreements between the federal law enforcement agencies and the Commonwealth Department of Justice make both jurisdictions one for purposes of *Brady* obligations. While it is true that some federal decisions impose upon federal prosecutors the obligation to produce state-generated *Brady* ma-

terial on a showing of cooperative prosecutorial activity between the federal and state agencies, such rule is of application in that distinct category of cases where the cooperative activity of state district attorneys and United States attorneys resulted in the indictment that motivates the *Brady* request. *United States v. Shakur*, 543 F.Supp. 1059, 1060 (S.D.N.Y.1982); *United States v. Antone*, 603 F.2d 566, 569 (5th Cir.1979). If there was no joint state and federal prosecutorial effort in obtaining the return of an indictment, then knowledge of *Brady* material in the possession of a state or another agency is not presumed by the federal prosecutors. *United States v. Walker*, 720 F.2d 1527, 1535 (11th Cir.1983); *see also United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

In other words, the knowledge of state officials is not imputed to a federal prosecutor "for the imposition of an unlimited duty on a prosecutor to inquire of the offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt 'a monolithic view of government' that would 'condemn the prosecution of criminal cases to a state of paralysis.'" *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir.1998) (quoting *United States v. Gambino*, 835 F.Supp. 74, 95 (E.D.N.Y.1993), *aff'd*, 59 F.3d 353 (2d Cir.1995)); *see also United States v. Locascio*, 6 F.3d 924 (2d Cir.1993) (stating that it would be improper to impute to AUSAs prosecuting the action knowledge of reports by FBI agents who were uninvolved in the investigation or trial); *United States v. Kern*, 12 F.3d 122, 126 (8th Cir.1993).

■■■ Moreover, plea and cooperation agreements generated in the state system which are contained in public records may not be deemed suppressed for purposes of *Brady* if the defense "knew or should have known of the essential facts permitting [them] to take advantage of [that] evidence." *United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir.1982); *see also United States v. Diaz*, 922 F.2d 998, 1007 (2d Cir.1990).

In sum, apart from a general cooperative agreement between the Commonwealth and

the federal jurisdiction, as is typical across the nation, here there is no evidence that the indictment presently on trial resulted from a specific cooperative effort between state and federal prosecutors. This case involves a federal indictment of an armored-car robbery investigated by the Federal Bureau of Investigation. The fact that the night of the robbery Puerto Rico police officers were the first ones at the scene of the crime or that a number of Puerto Rico police officers are detached to the FBI's Safe Street Task Force is not enough to place upon the government the burden of searching state prosecutorial files in previous closed cases for *Brady/Giglio* information useful to the defense in impeaching Luis Nevarez–Marrero.

## II.

The second issue regards the extent to which counsel may cross-examine a witness regarding the details of the crime for which the witness has been previously convicted. The law in this Circuit is well settled that neither on direct nor cross-examination may a party develop the gruesome details of a witness' prior conviction, since "to do so tends to unduly prejudice the witness," and in all cases tends to lead to a collateral issue. *United States v. Plante*, 472 F.2d 829, 832 (1st Cir.1973). A defendant has a constitutionally-guaranteed right to cross-examine witnesses testifying against him, *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), in order to impeach the credibility of the witness and explore his motives and biases. *United States v. Silvestri*, 790 F.2d 186, 190 (1st Cir.1986). Nevertheless, once the defendant's criminal history has been established, and the cross-examination has questioned a witness' veracity and motivation, the trial judge enjoys broad discretion in determining the scope and extent of cross-examination in order to balance the probative value of the proposed inquiry against the twin dangers of unfair prejudice and unnecessary delay in the proceedings. *See United States v. Tracey*, 675 F.2d 433, 439 (1st Cir.1982); *Silvestri*, 790 F.2d at 190; *United States v. Kepreos*, 759 F.2d 961, 965 (1st Cir.1985).

After the defendant's criminal record has been established, the court has the necessary discretion to avoid prosecutors or defense counsel harping on the witness' crimes, parading it before the jury in all its gruesome details, and thereby shifting the focus of attention from the events at issue on trial to the gory details of a witness' conviction in a previous state prosecution. *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987); *see also United States v. Robinson*, 8 F.3d 398, 410 (7th Cir.1993).

Parties to be guided accordingly.

**IT IS SO ORDERED.**