355 So.2d 865 (1978)
Jackie Boyd SWAIN, Appellant,
v.
STATE of Florida, Appellee.
No. HH-463.
District Court of Appeal of Florida, First District.
March 8, 1978.
*866 Jackie Boyd Swain, in pro. per.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant filed his pro se Motion to Vacate, Set Aside or Correct Sentence on August 25, 1977. The trial court entered an Order Denying Motion to Vacate, Set Aside or Correct Sentence and advised the appellant of his right to appeal that order. In said order, the court specifically found that the motion was not in substantial compliance with Fla.R.Crim.P. 3.850 (as amended, effective July 1, 1977) and noted that pursuant to said Rule, the court refused to receive or act upon the motion.
Rule 3.850 provides that a motion to vacate, set aside, or correct a judgment or sentence shall include the following:
(a) The judgment or sentence under attack and the court which rendered the same;
(b) Whether there was an appeal from the judgment or sentence and the disposition thereof;
(c) Whether a previous post-conviction motion has been filed, and if so, how many;
(d) The nature of the relief sought;
(e) A brief statement of the facts (rather than conclusions) relied upon in support of the motion.
Further, Rule 3.850 mandates that the trial court refuse to receive any motion which is not in substantial compliance with those minimum prerequisites.
The trial court did not err in finding that the appellant's motion failed to substantially comply with Fla.R.Crim.P. 3.850. Therefore, the order appealed from is affirmed. Certainly, the appellant may file a motion which substantially complies with Fla.R.Crim.P. 3.850 so that a decision on the merits of his motion can be reached.[1]
Where the court refuses to receive or act upon a motion for post-conviction relief because the motion fails to substantially comply with Fla.R.Crim.P. 3.850, in accordance with the rule, the court should instruct the clerk, without order, to return said motion to the movant as unacceptable in that it fails to substantially comply with the Rule. Although not specifically required by the Rule, we would recommend that the motion returned to the movant be accompanied with a statement of the reason for its return setting forth which portions of the Rule were not complied with.
AFFIRMED.
McCORD, C.J., and BOYER and MELVIN, JJ., concur.
NOTES
[1] We note that Fla.R.Crim.P. 3.850 has been recently amended and that Fla.R.Crim.P. 3.987 now provides a model form for a Motion for Post Conviction Relief [effective January 1, 1978; see 353 So.2d 552 (Fla. 1977)].