Ted N. SLICKER, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT,
Respondent-Appellee.

No. 85–5892.

United States Court of Appeals,
Eleventh Circuit.

Feb. 12, 1987.

As Corrected March 6, 1987.

Scott L. Warfman, Lisa Rosenthal, Miami, Fla., for petitioner-appellant.

William E. Taylor, Theda A. James, Asst. Attys. Gen., for respondent-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

HATCHETT, Circuit Judge:

We reverse and remand this case for the district court to apply the teachings of *Hill v. Lockhart*, 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) to the appellant's claim that his *nolo contendere* pleas resulted from incorrect advice from his lawyer.

### Facts

On April 21, 1982, Ted N. Slicker, the appellant, was declared guilty after a plea of *nolo contendere* in the Florida state courts for drug trafficking and conspiracy to traffic in drugs. His conviction was affirmed on appeal. Slicker personally filed this petition for a writ of habeas corpus after filing an earlier federal habeas corpus petition and after filing two 3.850 petitions in the Florida courts. Slicker alleges in this petition that his *nolo contendere* pleas were unlawfully induced and therefore involuntary.

Slicker contends that just prior to trial, his lawyer informed him that a plea bargain was being negotiated. At that time, the lawyer informed Slicker that if Slicker would enter a plea of *nolo contendere*, rather than a not guilty plea, the court would sentence him to five years on the conspiracy charge and allow him to remain free on bail pending a presentence investi-

gation on the trafficking charge. In addition, he was told that he would be allowed to appeal the trial court's denial of his Motion to Suppress. According to Slicker, he was also told that if he did plead *nolo contendere,* an appeal would be filed on the conspiracy charge while he was on bail, and if he succeeded on appeal, the trial court would then have to dismiss the charges against him. Finally, Slicker claims that his lawyer told him that no matter how lengthy the sentence on the trafficking charge, Slicker would actually serve only the "three year mandatory" before being paroled.

Slicker pleaded *nolo contendere* on both charges reserving the right to appeal the court's ruling on the motion to suppress. He appealed the conspiracy charge. While the appeal was pending, the court sentenced Slicker to thirty years in prison on the trafficking charge.

In this petition for habeas corpus, Slicker claims that he believed that the trial court's ruling on his motion to suppress would be reversed on appeal and that, at most, he would have to serve three years before being paroled.

### Discussion

The district court adopted a United States Magistrate's Report. In the report, the magistrate noted that this petition is a second petition and may be subject to bar under rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. After indicating that Slicker's petition could be procedurally barred, the magistrate recommended that the district court rule on the merits of the

claims, stating that "it is more appropriate to explain why Slicker is entitled to no relief on these grounds and [to] deny the petition on the merits than to invoke rule 9(b)."

■ In adopting the magistrate's report, the district court chose to rule on the merits of Slicker's claim. Where the district court chooses to rule on the merits, this court may also address the merits. *See Westbrook v. Zant,* 704 F.2d 1487, 1494 (11th Cir.1983).

■ Slicker's petition alleged ineffective assistance of counsel.[1] It presented two claims. First, he claims that his pleas of *nolo contendere* were involuntary because he thought the denial of his motion to suppress would be reversed on appeal. The magistrate suggested that this claim was wholly frivolous, and the district court agreed.[2] We agree that this claim is frivolous.

As a second claim, Slicker alleges that he relied upon the representations of his lawyer that he would serve no more than three years before being paroled. The district court ruled against Slicker on the ground that a review of the transcript of his plea colloquy revealed that the court informed Slicker of the maximum sentence that could be imposed for a trafficking conviction. Whether or not the court informed him of the maximum sentence is not relevant to the issue Slicker now presents.[3] We understand the issue to be: whether Slicker's lawyer advised him that a plea agreement had been negotiated which provided that he would serve less time than the maximum penalty. The fact that Slicker may

---

1. Although the claim is not directly alleged, we believe Slicker's general allegation is broad enough to include ineffective assistance of counsel.

2. The report of the United States Magistrate states:

   The first claim is wholly frivolous. A defendant in a criminal case cannot contend that his pleas of *nolo contendere* were involuntary because he thought that a motion to suppress which had been denied would be reversed on appeal. It does not matter that in this case reversal of the ruling on the motion to suppress would have affected only the conviction

on the substantive charge and not the conviction for conspiracy. There was absolutely no guarantee of any kind, and could not be, that *either* charge would be invalidated by a favorable ruling on direct appeal.

3. As previously noted, although the allegation is broad enough to encompass this claim, some shift in the claim seems to have been made since the district court ruled. Such practice may warrant sanctions, but the district court is in a better position to inquire about what appears to us as a change of theories.

have been made aware of the maximum penalty which could be imposed does not resolve this issue. Because no transcript of the conversations between Slicker and his lawyer exists, an evidentiary hearing may be necessary to resolve this issue.[4]

■ An evidentiary hearing, however, will give Slicker no relief unless the allegations in his petition are sufficient to satisfy the standards set forth in *Hill v. Lockhart*, 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In *Hill v. Lockhart*, the Supreme Court found that a state prisoner was not entitled to an evidentiary hearing on his federal habeas corpus petition in which he merely alleged that his guilty plea was involuntary due to ineffective assistance of counsel. The Court held that the district court did not err in declining to hold a hearing on the petitioner's claim because he failed to allege that had his lawyer correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. In order to prevail, Slicker must prove not only that the claimed conversations took place between him and his lawyer, but also that he would not have pleaded *nolo contendere* and would have insisted on going to trial had his lawyer not misled him with faulty information. In other words, Slicker must allege and prove sufficient "prejudice" due to his lawyer's performance.

For the foregoing reasons, we reverse and remand this case to the district court with directions that the district court determine whether Slicker's pleading satisfies the *Hill v. Lockhart* standard. If Slicker alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim. *McCoy v. Wainwright*, 804 F.2d 1196, 1199–1200 (11th Cir. 1986).

REVERSED and REMANDED.

---

4. Where the issue is the substance of a communication between the defendant and his attorney, review of the trial transcript does not reveal what *actually* transpired. In other instances, however, where the issue is other than the substance of a privileged communication—such as the defendant's credibility—the district court should place great emphasis on the transcript of the plea colloquy when it considers the case on remand.