537 So.2d 170 (1989)
Ira M. AMAZON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3556.
District Court of Appeal of Florida, Second District.
January 13, 1989.
PER CURIAM.
Ira Amazon appeals the summary denial of two motions for postconviction relief. We affirm.
In circuit court case 81-9622, Amazon was convicted of two counts of first degree murder and sentenced to death. The supreme court later determined that the sentence should be reduced to life in prison. Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). Amazon included six separate grounds for relief in his motion, many of which should have been raised, if at all, on direct appeal and were inappropriate for consideration under Florida Rule of Criminal Procedure 3.850. We agree with the trial court that the remaining arguments, principally Amazon's claim of ineffective assistance of counsel, were facially insufficient. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Amazon's motion was denied October 10, 1988. Shortly thereafter the circuit court entered a second order bearing the same case number and styled "order denying second motion for postconviction relief." This latter order suggests that Amazon had filed a successive rule 3.850 motion attacking the murder convictions, which would be improper unless Amazon could state valid reasons for his failure to include the claims in his first motion. Witt v. State, 465 So.2d 510 (Fla. 1985). However, from the record before us it appears that Amazon's second motion was directed toward circuit court case 81-9620, wherein he received consecutive ninety-nine year sentences for burglary and sexual battery.
Nevertheless, we conclude that the second motion was also without merit and so was properly denied, if for the wrong reason. In that motion, Amazon presented four interrelated arguments dealing with the retention of jurisdiction over one third of his sentence. § 947.16, Fla. Stat. (1987). Because Amazon does not set out a prima facie claim of fundamental error, he is barred from raising most of *171 these claims via rule 3.850. See Styles v. State, 465 So.2d 1369 (Fla. 2d DCA 1985). As to his contention that ineffective assistance on the part of trial counsel contributed to the alleged sentencing errors, this claim too is barred because of the two year limitations period established by rule 3.850. The judgment and sentence were affirmed on direct appeal, and so became final, over five years before the present motion was filed. Amazon v. State, 436 So.2d 195 (Fla. 2d DCA 1983).
AFFIRMED.
SCHEB, A.C.J., and SCHOONOVER and PARKER, JJ., concur.