**Ted N. SLICKER, Petitioner–Appellant,**

v.

**Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent–Appellee.**

No. 88–5563
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1989.

Theodore J. Sakowitz, Lisa A. Rosenthal, Federal Public Defenders, Miami, for petitioner-appellant.

Erica M. Raffell, Dept. of Legal Affairs, Office of Atty. Gen., Tampa, for respondent-appellee.

Before TJOFLAT, HILL and JOHNSON, Circuit Judges.

PER CURIAM:

This habeas corpus petition is before our court for a second time. In *Slicker v. Wainwright*, 809 F.2d 768 (11th Cir.1987), a previous panel of this court addressed petitioner's allegations of ineffective assistance of counsel. Petitioner's first claim was that his pleas of *nolo contendere* were involuntary because he thought the denial of his motion to suppress would be reversed on appeal. The panel agreed with the magistrate and the district court that this claim was frivolous.

Petitioner's second claim was that he relied upon the representations of his attorney that he would serve no more than three years before being paroled. With respect to this issue, the panel noted:

> We understand the issue to be: whether Slicker's [petitioner's] lawyer advised him that a plea agreement had been negotiated which provided that he would serve less time than the maximum penalty.

809 F.2d at 769. The panel noted that an evidentiary hearing might be necessary to resolve the issue, but that it must first be determined whether the allegations in petitioner's habeas petition are sufficient to satisfy the standards set forth in *Hill v. Lockhart*,[1] 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In addition, the panel stated that in order to prevail, petitioner Slicker must prove that he would not have pled *nolo contendere* and would have insisted on going to trial had his attorney not misled him with faulty information. In other words, petitioner must allege and prove sufficient prejudice due to his attorney's performance.

The panel remanded the case to the district court with directions to determine whether petitioner's pleadings satisfy the *Hill v. Lockhart* standard. The panel noted that if the petitioner alleged facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.

On remand, the magistrate, as approved by the district judge, found that the habeas petition was insufficient under *Hill v. Lockhart*. Nevertheless, construing our earlier mandate as requiring that a hearing be held, the magistrate did hold an evidentiary hearing on the merits of the claim and made findings of fact. The magistrate found that petitioner's counsel had advised petitioner that he would serve between one-third and two-thirds of whatever sentence was imposed and not that he would be released on parole after serving three years. The magistrate also found that petitioner's understanding that he would serve only three years was erroneous and the product of sources independent of counsel. Based on these findings, the magis-

---

1. In *Hill v. Lockhart,* the Supreme Court found that a state prisoner was not entitled to an evidentiary hearing on his habeas petition in which he merely alleged that his guilty plea was involuntary due to ineffective assistance of counsel. The Court held that the test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to guilty plea challenges premised on ineffective assistance of counsel. The Court found that the petitioner failed to allege that had his attorney correctly informed him about his parole eligibility date, he would have pled not guilty and insisted on a trial, and therefore, the petitioner failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test. The Court concluded that because the petitioner failed to allege the requisite prejudice, the district court did not err in declining to hold an evidentiary hearing.

trate recommended that the habeas petition be dismissed.[2]

Over petitioner's objections, the district court adopted the magistrate's report and recommendation and dismissed the habeas petition.

On appeal, petitioner argues that his attorney advised him that a plea agreement had been negotiated which provided that he would serve less than the maximum penalty, thereby requiring a reversal of his conviction based on ineffective assistance of counsel. The magistrate made findings of fact that petitioner's counsel did not advise petitioner that he would be released on parole after three years. We find nothing wrong with these findings.

After careful review of the record and the briefs of the parties, we find that the magistrate's findings of fact, as approved by the district court, and supported by the evidence, led to the judgment against the petitioner. Petitioner has neither pled nor proven sufficient prejudice due to his attorney's performance. Therefore, any claim of ineffective assistance of counsel must fail.

AFFIRMED.

---

**2.** In the alternative, the magistrate recommended that respondent's motion for summary judgment be granted.