Richard L. **CARR**, Petitioner,

v.

Harry K. **SINGLETARY**, Jr., Respondent.

No. 93–650–CIV–T–17(E).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 17, 1995.

Richard L. Carr, Avon Park, FL, pro se.

Joel T. Remland, Federal Public Defender's Office, Orlando, FL, for petitioner.

Helene S. Parnes, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Petitioner's objections to the Report and Recommendation (R & R) entered by Magistrate Judge Thomas B. McCoun III on March 9, 1995 (Docket No. 28). The R & R recommends denial of the petition for a writ of habeas corpus. Upon consideration of the Magistrate Judge's report and recommendation and upon this Court's independent examination of the file, the Magistrate Judge's R & R is adopted as modified, and confirmed.

### STANDARD OF REVIEW

Petitioner is a state prisoner who filed for habeas relief in this Court pursuant to Title 28 U.S.C. § 2254. Under the Federal Magistrate's Act, Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. The relevant portion of this act is found at 28 U.S.C. § 636. A district court judge may designate a United

States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations for the disposition of certain pre-trial matters. 28 U.S.C. § 636(b)(1)(B). Within ten (10) days after being served with a copy of the R & R, any party may file written objections to the Magistrate Judge's proposed findings and recommendations. *Id.* Section 636(b)(1) also states that a judge shall make a *de novo* determination of those portions of the R & R to which objection is made. When a party makes a timely objection to a Magistrate Judge's Report and Recommendation, the determination is subject to *de novo* review by the district court. *Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1561 (M.D.Fla.1993). However, portions of the R & R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review.

### FACTS

On January 19, 1982, Petitioner Richard L. Carr plead nolo contendere to a single count of robbery, kidnapping, sexual battery, and attempted first degree murder, before Judge Randall McDonald, Circuit Judge in and for the Tenth Judicial Circuit, Polk County, Florida.

Petitioner plead to the following factual account. On October 18, 1981, Petitioner robbed a convenience store. After the robbery, he forced the store clerk into his car, tied her up, and drove her to a wooded area. Once there, he forced her to exit the car, put a rope around her neck, removed her clothing, and raped her. Sometime during the sexual assault, or shortly thereafter, he threatened to kill her and choked her to the point of unconsciousness. Petitioner also struck the victim on the back of the head several times with a sharp object and then imbedded the object in the victim's back.

### PROCEDURAL HISTORY

Petitioner was sentenced on February 11, 1982, receiving a fifteen (15) year sentence on the robbery count and consecutive life sentences on the remaining counts. Petitioner filed a total of three motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The first such motion was filed in state court on March 16, 1982. As grounds for relief, Petitioner alleged that he was denied effective assistance of counsel and that his conviction was obtained by a plea of nolo contendere that was involuntarily made without an understanding of the consequences of the plea.

The trial court denied Petitioner's first post-conviction motion on June 1, 1982. The Petitioner did not appeal the trial court's decision.

Next, Petitioner filed his first petition for writ of habeas corpus in this Court (Case Number 83–895–Civ–T–10). The petition was denied for failure to exhaust state remedies.

Petitioner's second motion for post-conviction relief was filed in state court on September 29, 1983. Again, Petitioner alleged two (2) grounds for relief. The first ground Petitioner alleged was that he was denied effective assistance of counsel. The second ground Petitioner alleged was that his conviction was obtained by a plea of nolo contendere that was unlawfully induced and not voluntarily made with an understanding of the consequences of the plea.

The trial court denied Petitioner's second post-conviction. However, this time Petitioner appealed the trial court's denial to the Second District Court of Appeal, which *per curiam* affirmed the trial court's decision.

On August 15, 1984, Petitioner filed his second petition for writ of habeas corpus in this Court (Case Number 84–1089–Civ–T–10). However, the petition was dismissed voluntarily in November 1986, by stipulation of the parties.

Petitioner filed his third and final post-conviction motion in state court on July 2, 1991, alleging only that the trial court failed to hold a formal competency hearing in accordance with Florida Rule of Criminal Procedure 3.210. The trial court dismissed Petitioner's third motion as both successive and untimely. Petitioner appealed the dismissal of his third post-conviction motion to the Second District Court of Appeal, which *per curiam* affirmed the trial court's decision.

On April 19, 1993, Petitioner filed the instant petition, his third federal petition for a writ of habeas corpus. In it he alleged three (3) grounds for relief. Petitioner's first ground states that he entered his plea involuntarily due to his lack of mental capacity. Petitioner's second ground for relief states that he entered his plea involuntarily because he was promised a sentence of no more than ten (10) years. Petitioner's third ground for relief states three (3) separate claims of ineffective assistance of counsel: 1) Petitioner states he was denied effective assistance of counsel because his attorney stated an intent to use the insanity defense, "but subsequently, and without explanation, told Petitioner to plead nolo contendere"; 2) states that his attorney told Petitioner he would not be sentenced to more than ten (10) years; and 3) states that his attorney failed to negotiate a plea bargain with the State Attorney's office. Petitioner's third petition for writ of habeas corpus was referred to United States Magistrate Judge Thomas B. McCoun III for proceedings.

The Magistrate Judge reviewed all three (3) of the Petitioner's post-conviction motions, finding that the Petitioner failed to "properly exhaust state remedies as to the claims presented in his first and third motions for post-conviction relief." (Docket No. 28). However, the Magistrate Judge did find that Petitioner properly exhausted the grounds for relief in his second post-conviction motion. Therefore, the Magistrate Judge determined that it would be proper to consider any ground raised in the instant petition, if it was also raised in Petitioner's second post-conviction motion.

The Magistrate Judge inspected Petitioner's instant writ of habeas corpus and determined that it contained two (2) of the exhausted grounds found in his second post-conviction motion: ineffective assistance of counsel because counsel failed to negotiate a plea bargain with the State Attorney's office and conviction obtained by an involuntary plea because Petitioner was promised a ten (10) year sentence. The Magistrate Judge ordered an evidentiary hearing on both grounds.

The Magistrate Judge conducted the evidentiary hearing on January 24, 1995. At the hearing, Petitioner introduced a copy of the entire contents of the public defender's file and a copy of the complete court file. Furthermore, both Petitioner and his counsel, Mr. Hill, testified.

Following the evidentiary hearing, the Magistrate Judge entered a Report and Recommendation denying habeas relief. (Docket No. 28). Although the Magistrate Judge determined that Petitioner failed to exhaust certain grounds for relief in his instant petition, he did not dismiss the entire petition for failure to exhaust, because Petitioner was procedurally barred from bringing those grounds in state court. *Teague v. Lane,* 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989). However, the Magistrate Judge did find that Petitioner defaulted ground I, and claims one and two in ground III, pursuant to an independent and adequate state procedural rule and therefore, only addressed the merits of ground II and the third claim of ineffective assistance of counsel in ground III.

### PETITIONER'S OBJECTIONS

On March 17, 1995, Petitioner filed several objections to the Magistrate Judge's findings. Petitioner objected stating that the Magistrate Judge should have considered every ground raised in his three (3) post-conviction motions and the grounds he raised in the instant petition for writ of habeas corpus.

### I. Failure to Address All Grounds Raised in Petitioner's First Post-Conviction Motion

■ Petitioner's first objection deals with the Magistrate Judge's decision not to consider the grounds for relief in Petitioner's first post-conviction motion. Petitioner argues that the Magistrate Judge should have considered the grounds for relief in his first post-conviction motion, regardless of his failure to exhaust, because he "acted *pro se* and was *not* advised by the state trial court of his right to appeal." (Docket No. 29) (emphasis in original).

Petitioner's first objection is without merit for two (2) reasons. First, Petitioner had

every opportunity to add the grounds he raised in his first post-conviction motion, to those raised in his second post-conviction motion. In fact, Petitioner's second ground for relief in his first post-conviction motion is similar to the second ground for relief in his second post-conviction motion.[1] Since Petitioner had another opportunity to raise his first post-conviction grounds, in his second post-conviction motion, Petitioner cannot be heard to complain that he was unaware of the need to appeal his first post-conviction motion, or that the Magistrate Judge improperly disregarded two (2) of his grounds for relief.

Second, Petitioner cannot argue that acting *pro se* provides the basis to review all the claims in his first post-conviction motion, as there is no right to the assistance of an attorney in post-conviction proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano,* 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); *Carter v. Montgomery,* 769 F.2d 1537, 1543 (11th Cir.1985). Petitioner is mistaken if he is attempting to argue that lack of counsel provides the cause and prejudice necessary for this Court to review the defaulted grounds in his first post-conviction motion. Petitioners do not have a right to counsel in post-conviction proceedings. Therefore, lack of counsel is an insufficient cause to excuse a procedural default. *Coleman v. Thompson,* 501 U.S. 722, 756, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991); *see also Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir.1989).

## II. Failure to Address All Grounds Raised in Petitioner's Instant Petition

The rest of Petitioner's objections address the Magistrate Judge's findings regarding the instant petition. The Magistrate Judge found that Petitioner defaulted ground I, and two (2) of the three (3) claims in ground III. After an evidentiary hearing, the Magistrate Judge further determined that ground II,

and the third claim in ground III should be dismissed on their merits.

### i. *Defaulted Grounds for Relief*

Petitioner objects to the Magistrate Judge's "failure to consider *all* claims raised in the instant petition." (Docket No. 29) (emphasis in original). Petitioner states that he exhausted all the claims in his instant writ of habeas corpus and therefore, objects to the Magistrate Judge's determination that he defaulted two (2) of his grounds for relief. Petitioner contends that he should not have to establish cause and prejudice because he exhausted all of the grounds for relief in his instant petition.

To be entitled to habeas corpus relief; a state prisoner must usually meet two (2) requirements. *See Teague v. Lane,* 489 U.S. at 298, 109 S.Ct. at 1068. First, he must establish that he has exhausted state remedies, i.e., that he has "fairly presented" to the state courts the "substance" of his federal claim. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 277–78, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). If he fails to exhaust state remedies, his petition must be dismissed without prejudice pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Second, the prisoner must also present his claims to the state court in a timely manner. Failure to do so results in the procedural default of those claims. Once the prisoner has defaulted a claim in state court, federal courts will only review it if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. at 2564.

The Court agrees with the Magistrate Judge's finding that Petitioner met the exhaustion requirement, because he was "procedurally debarred at this stage from presenting [his] claims in any state court." (Docket No. 28). However, Petitioner failed to present his claims to the state court in a

---

1. The claim in Petitioner's first post-conviction motion, which he failed to raise in his second post-conviction motion, states that he was denied effective assistance of counsel because his defense attorney refused to supply information to Petitioner regarding his case, and that the defense attorney provided relevant information to a state witness.

timely manner. Furthermore, since Petitioner did not demonstrate cause for his default and actual prejudice, or argue a fundamental miscarriage of justice, he is barred from bringing these claims in the instant petition. Therefore, the Court adopts the Magistrate Judge's finding that Petitioner defaulted ground I, and claims two and three in ground III.

■ In his objections to the R & R, Petitioner attempts to argue that there was cause for his default, due to his "*pro se* inability to act as counsel." (Docket No. 29). However, as was the case in Petitioner's first post-conviction motion, acting *pro se* is not sufficient cause for a procedural default. *Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir.1989). Petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim." *Id.* The factual and legal basis for the defaulted grounds in Petitioner's instant petition were available to petitioner when he brought his second post-conviction motion. The Court fails to see how Petitioner's *pro se* status establishes cause for his default. Especially in light of the fact that Petitioner, while acting *pro se,* was able to raise lack of mental capacity in his third post-conviction motion. *See Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir.), *cert. denied*, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990).

■ Petitioner also attempts to argue that a fundamental miscarriage of justice occurred when the court accepted his plea, because he lacked the mental capacity to enter it. Petitioner is correct that a fundamental miscarriage of justice will override Petitioner's obligation to establish cause and prejudice and allow a federal court to review a defaulted state claim. However, this exception to the cause and prejudice rule is a very narrow one. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986). In order to establish that a fundamental miscarriage of justice occurred, a petitioner must show that a constitutional violation resulted in the conviction of one who was actually innocent. *Id.* The Court is not persuaded by Petitioner's attempt to argue that there was a fundamental miscarriage of justice in this case. Petitioner

has never claimed to be innocent of these charges nor is there any evidence that would lead the Court to believe that Petitioner was wrongly convicted of these crimes. *Schlup v. Delo*, —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2650.

### ii. *Grounds for Relief Dismissed on Their Merits*

After an evidentiary hearing on ground II and the third claim in ground III, the Magistrate Judge determined Petitioner's claim that his plea was involuntary, because he was promised a sentence no greater than ten (10) years, lacked credibility. In addition to finding that Petitioner's claim lacked credibility, the Magistrate Judge also found that even if Petitioner was operating under the assumption that he would receive a ten (10) year sentence, that assumption was thoroughly refuted by Judge McDonald's plea colloquy. (Docket No. 28). After an independent review of the transcript from the plea hearing, all filed documents relevant to this ground, and Petitioner's objections to the R & R, the Court adopts, with modification, the Magistrate Judge's findings.

The Court adopts the Magistrate Judge's finding that Petitioner's claim of an involuntary plea lacks credibility. However, the Magistrate Judge's finding that a proper plea colloquy would cure misrepresentations or improper promises by trial counsel is incorrect. The Magistrate Judge mistakenly relied on *Tower v. Phillips*, 979 F.2d 807, 815 (11th Cir.1992), *vacated*, 7 F.3d 206 (11th Cir.1993) for the proposition that a plea colloquy could counteract a misrepresentation or promise made to a petitioner. The *Tower* court actually held, based on other Eleventh Circuit opinions, that a sufficient pre-plea colloquy is not conclusive proof that a petitioner's plea is free from prejudice. *Tower*, 979 F.2d at 815 (citing *Slicker v. Wainwright*, 809 F.2d 768, 769–70 (11th Cir.1987); *Downs–Morgan v. United States*, 765 F.2d 1534, 1538–41 (11th Cir.1985)).

Ordinarily, a petitioner's plea is knowing and voluntary if he is reasonably informed of "the nature of the charges against him, the factual basis underlying those charges, and

**1362**

the legal options and alternatives that are available." *LoConte v. Dugger*, 847 F.2d 745, 750–51 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988). However, the Eleventh Circuit has further stated that courts should consider all the information communicated to the defendant, including any information he received before the plea hearing, when making a determination of whether the defendant was adequately informed and able to make a knowing and voluntary plea. *Id.; Gaddy v. Linahan*, 780 F.2d 935, 944 (11th Cir.1986); *United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir.1982). Therefore, an improper promise could invalidate a plea obtained at an otherwise properly conducted plea hearing. *See United States v. Gonzalez–Mercado*, 808 F.2d 796, 800 n. 8 (11th Cir.1987); *Downs–Morgan*, 765 F.2d at 1538 n. 9.

This modification of the Magistrate Judge's findings does not affect the Petitioner's rights in this matter, as the Court still agrees with the Magistrate Judge that no improper or prejudicial promise was made to Petitioner. Petitioner has been seeking relief from his conviction for over ten (10) years now. During that time he has never once mentioned, in any of his three (3) post-conviction motions, his motion for mitigation, or his letter to the Florida Bar complaining about Mr. Hill's representation, that he was promised a ten (10) year sentence. Furthermore, the letter Mr. Hill wrote to Petitioner the day after he was sentenced leads the Court to believe that Mr. Hill made no promises of leniency to Petitioner.[2]

The Magistrate Judge also found no merit in Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to negotiate a plea bargain. After an independent review of the trial court record, the transcript from the plea hearing, and Petitioner's objections to the R & R, the Court adopts the Magistrate Judge's findings on this ground.

In *United States v. Baskin*, 858 F.Supp. 1165 (M.D.Fla.1994), this Court clearly stated the requirements that a petitioner must meet in order to succeed on a claim of ineffective assistance of counsel:

> In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the [Supreme] Court set out two elements the defendant must show to establish ineffective assistance of counsel. This two-part test applies to claims of ineffective counsel when the defendant has pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). First, defendant must show that the counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* at 693–96, 104 S.Ct. at 2067–69. In the context of a guilty plea, this means that Petitioner must show that but for his counsel's deficient performance, Petitioner would not have pled guilty and would have gone to trial. *United States v. Phy Phong Le*, 846 F.Supp. 982 (M.D.Fla.1994).

According to *Strickland*, to succeed on this claim Petitioner must prove that his attorney's performance was deficient and that he would not have plead guilty if his attorney had negotiated a plea bargain. The Court finds that Petitioner failed to prove either part of the *Strickland* test. The Court agrees with the Magistrate Judge's finding that Petitioner's counsel effectively negotiated a plea bargain with the State Attorney's office. (Docket No. 28). Furthermore, the Court agrees with the Magistrate Judge that Mr. Hill's inability to negotiate a more favorable plea bargain for Petitioner was not due to ineffective assistance of counsel, but instead directly related to the circumstances surrounding the crime Petitioner plead to and Petitioner's previous criminal record.

Petitioner also failed to claim that but for his counsel's alleged deficient performance; he would not have plead guilty. Therefore, even if Petitioner's claims are true, and even if his counsel's performance was deficient, Petitioner cannot succeed on his claim of ineffective assistance of counsel. *Strickland*

---

**2.** The letter states, "[a]s per our review of the pre-sentence investigation and our conversations prior to the disposition, the sentencing was not unexpected."

*v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### CONCLUSION

All other objections by Plaintiff are found to be without merit and do not warrant discussion by this Court. As to the portions of the Report and Recommendation not objected to by Plaintiff, this Court finds no clear error. The Court finds that Petitioner failed to establish that he is in custody in violation of the Constitution, laws or treaties of the United States. Accordingly, it is

**ORDERED** that the Report and Recommendation be **ADOPTED** as modified, and incorporated by reference; the Petitioner's Objections be **OVERRULED;** the Petition for Writ of Habeas Corpus be **DISMISSED;** and Petitioner's reply motion, (Docket No. 12), be hereby **DENIED** as moot.

**DONE AND ORDERED.**