Janet JACKSON and Delois
Evans, Plaintiffs,

v.

MOTEL 6 MULTIPURPOSES, INC., Motel 6, G.P., Inc., Motel 6 Operating L.P., IBL Limited, Inc., d/b/a Motel 6, and Accor S.A., Defendants.

Mario PETACCIA, et al., Plaintiffs,

v.

MOTEL 6, G.P., INC., and Motel 6 Operating L.P., d/b/a Motel 6, Defendants.

Nos. 96–72–CIV–FTM–17D,
96–115–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Feb. 24, 1997.

Michael J. Pucillo, C. Oliver Burt, III, Burt & Pucillo, West Palm Beach, FL, Steven J. Routh, Craig A. Hoover, Hogan & Hartson, Washington, DC, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, Theodore J. Leopold, Edward M. Ricci, Ricci, Hubbard & Leopold, P.A., West Palm Beach, FL, Joseph M. Sellers, Avis Buchanan, Washington Lawyers Committee for Civil Rights & Urban Affairs, Washington, DC, for Janet Jackson, Delois Evans.

Neil Harvey Chonin, Chonin, Sher & Navarrete, P.A., Coral Gables, FL, Peter Kent Spriggs, John Clark Davis, Spriggs & Johnson, Tallahassee, FL, for Mario Petaccia, Brenda Hatcher, Tanya Charles, Chervon Screen, Jennifer Bethel.

Neil Harvey Chonin, Chonin, Sher & Navarrete, P.A., Coral Gables, FL, Peter Kent Spriggs, John Clark Davis, Spriggs & Johnson, Tallahassee, FL, Steven J. Routh, Craig A. Hoover, Hogan & Hartson, Washington, DC, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, Theodore J. Leopold, Edward M. Ricci, Ricci, Hubbard & Leopold, P.A., West Palm Beach, FL, Joseph M. Sellers, Avis Buchanan, Washington Lawyers Committee for Civil Rights & Urban Affairs, Washington, DC, C. Oliver Burt, III, Burt & Pucillo, West Palm Beach, FL, for James Sterns, Karl Baldwin, Marcian Killsnight.

Charles Alvin Wachter, John William Robinson, IV, Edward Martin Waller, Jr., Katerine C. Lake, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Gregory M. Palmer, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Ft. Lauderdale, FL, William O. Bittman, Michael F. Marino, John R. Erickson, Reed, Smith, Shaw & McClay, Washington, DC, for Motel 6 Multipurposes, Inc., Motel 6 G.P., Inc., Motel 6 Operating, L.P., IBL Ltd., Inc., d/b/a Motel 6, Accor S.A.

Charles Alvin Wachter, John William Robinson, IV, Edward Martin Waller, Jr., Katerine C. Lake, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Dennis M. O'Hara, Robert E. Paradela, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Ft. Lauderdale, FL, William O. Bittman, Michael F. Marino, John R. Erickson, Reed, Smith, Shaw & McClay, Washington, DC, for Motel 6 G.P., Inc.

## ORDER ON THE PARTIES' OBJECTIONS TO THE U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following documents:

(1) Report and Recommendation issued by the Honorable George T. Swartz, U.S. Magistrate Judge (Docket No.108) (hereinafter "R & R");

(2) The *Petaccia* Plaintiffs' objections to the R & R (Docket No. 116);

(3) The *Jackson* Plaintiffs' objections to the R & R (Docket No. 117);

(4) Defendants' (hereinafter Motel 6) objections to the R & R (Docket No. 124);

(5) The *Petaccia* Plaintiffs' response to Motel 6's objections (Docket No. 132); &

(6) The *Jackson* Plaintiffs' response to Motel 6's objections (Docket No. 131).

■ At issue in this Order is Rule 4.04(e), Local R. M.D. Fla. The rule reads, in pertinent part:

In every case sought to be maintained by any party as a class action, all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such action with any potential or actual class member, not a formal party to the case, *without approval by order of the Court.* The communications forbidden by this rule include, but are not limited to, (1) solicitations directly or indirectly of legal repre-

sentation of actual or potential class members who are not formal parties to the case; (2) solicitations of fees and expenses, or agreements to pay fees and expenses, from actual or potential class members who are not formal parties to the case; and (3) solicitations of requests by class members to opt out in class actions maintained under Rule 23(b)(3), Fed.R.Civ.P. *Id.* (emphasis added). As the rule states, the presiding judicial officer has the authority to stay enforcement of the rule in any particular class action case. Indeed, even Motel 6 concedes that this decision falls within the Court's discretion. (Docket No. 124, p. 11). Of course, as the plaintiffs correctly point out, the Court's discretion is subject to constitutional and statutory limits, namely those discussed by the Fifth Circuit Court of Appeals in *Bernard v. Gulf Oil Co.,* 619 F.2d 459 (5th Cir.1980), and the Supreme Court of the United States in *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (affirming the Fifth Circuit's decision).

## PROCEEDINGS BEFORE THE MAGISTRATE JUDGE

Both the *Petaccia* and *Jackson* plaintiffs moved for relief from Rule 4.04(e) (Docket Nos. 6 [96–115–CIV] and 59 [96–72–CIV] ). They argued that communicating with potential class members was necessary to: (1) effectively prosecute their racial discrimination claims, (2) satisfy their fiduciary and ethical duties to potential and actual class members, and (3) factually establish the full extent of Motel 6's alleged pattern and practice of racial discrimination from a nationwide perspective. Failure to grant them such leave, the plaintiffs contended, would constitute an unconstitutional prior restraint on the plaintiffs', and their attorneys', First Amendment rights. In response, Motel 6 argued that leave should not be granted, in that the plaintiffs: (1) failed to show any legitimate interest in communicating that outweighs the actual and potential abuse, (2) failed to show any prejudice to the rights of the plaintiffs' class, and (3) would cause serious damage to Motel 6's business operations and employee relations through their widespread communications. Rather, Motel 6 implored the Court to enforce Rule 4.04(e)

until it decides whether to certify the asserted classes.

After the parties failed to compromise their positions, the magistrate judge held a hearing. In his R & R (Docket No. 108), Magistrate Judge Swartz generally concluded that abuse of class action is rare and that at least two (2) judges in the Middle District of Florida have permitted class communications. More specifically, he found that "no abuse has occurred" in this case and that the "Plaintiffs have an overriding need to communicate with actual and potential class members to determine the issues of class certification." Accordingly, he recommended that this Court grant the plaintiffs' motions to the extent of the following terms:

a. Counsel for the plaintiffs may establish one or more telephone numbers, with a 1–800 prefix, through which persons who wish to inquire about either the *Jackson* or *Petaccia* cases may call.

b. Counsel for the plaintiffs may publish one or more notices in the publications of their choice. Such notices would generally contain the following information: (1) identify the case; (2) set forth questions inquiring whether persons have knowledge of, or encountered, each of the practices alleged to be discriminatory in the *Jackson* and/or *Petaccia* complaints; (3) identify the 1–800 telephone number which persons may call who wish to inquire about one or both cases and indicate the purpose of the telephone number; and (4) identify the names and organizational affiliation of one or more persons whom interested individuals may contact. Before publication of any notice, the substances of any such notice will be submitted to the Court and opposing counsel for their review, and opposing counsel shall have five (5) days to notify the Court of any objections.

c. Counsel for the plaintiffs may respond to requests for information initiated by persons who are already parties to the case or potential class members with the exception that counsel for plaintiffs is prohibited from communicating with current management or current supervisory employees of the defendants. Upon inquiries by persons who are not management or

supervisors for the defendants, counsel shall provide the following information: (1) identify him or herself; (2) identify the litigation, where it is pending and its status; (3) indicate that the purpose of the communication is to inquire about practices at Motel 6 which are believed to be discriminatory and, where appropriate, describe one or more of the specific practices alleged to be discriminatory in-the Jackson or the *Petaccia* complaints or both; (4) indicate that the person with whom the communication is occurring may decline to speak to them.

d. Counsel for the plaintiffs shall not solicit persons to be additional plaintiffs in these cases.

e. After a current employee has responded to the above advertisements or called the 1–800 number, then counsel for the plaintiffs may disseminate by mail one or more letters to current employees of Motel 6 who hold positions in the motels. The letters shall generally contain the following information: (1) identify the case and describe the status of the litigation; (2) set forth questions inquiring whether any employees have knowledge of, or encountered, each of the practices alleged to be discriminatory in the *Petaccia* and/or *Jackson* complaints; (3) identify the 1–800 telephone number which persons may call who wish to inquire about one or both cases and indicate the purposes of the telephone number; and (4) identify the names and organizational affiliation of one or more persons whom interested individuals may contact. Before disseminating any letters, the substance of any such letters will be submitted to the Court and opposing counsel for their review, and opposing counsel shall have five (5) days to notify the Court of any objections.

(Docket No. 108, pp. 4–5). Paragraph (a) of the R & R tracks language from the plaintiffs' proposal. (Docket No. 90). Paragraph (b) is essentially the same as the plaintiffs' proposal, but the magistrate judge added review procedures and deleted the *in camera* requirement. Paragraph (c) appears to be the magistrate judge's own creation. While

paragraph (d) also appears to be unique, it seems to be somewhat based on Motel 6's proposal. (Docket No. 91). The final paragraph, (e), alters the plaintiffs' "mass mailing" proposal by permitting an informational mailing to current Motel 6 employees only after the employee inquires through a 1–800 number. The magistrate judge did not adopt the plaintiffs' proposal that they be allowed to communicate *ex parte* with persons who may have knowledge of the practices alleged to be discriminatory in the *Jackson* and the *Petaccia* complaints.

The *Jackson* and the *Petaccia* plaintiffs and Motel 6 timely filed objections to the R & R. The plaintiffs ask for a suspension of Rule 4.04(e) in its entirety. At the very least, the *Jackson* plaintiffs request the Court to supplement the. R & R with their *ex parte* proposal (Docket No. 117), and the *Petaccia* plaintiffs request the Court to grant their "mass mailing" proposal (Docket No. 116). Motel 6, on the other hand, argues that the Court should not approve any exemption from Rule 4.04(e) prior to ruling on the motions for class certification.[1]

## STANDARD OF REVIEW

Because this Court referred the instant matter to the assigned magistrate judge for a hearing and the promulgation of a report and recommendation (Docket No. 65), Title 28, United States Code, section 636(b)(1)(B), as opposed to section 636(b)(1)(A), supplies the applicable standard of review. As such, this Court reviews those portions of the R & R to which timely objections are advanced, including findings of fact, under a *de novo* standard. However, portions of the R & R that are not objected to will be evaluated by this Court under a clearly erroneous standard. *Carr v. Singletary,* 904 F.Supp. 1356, 1357–58 (M.D.Fla.1995); *Gropp v. United Airlines, Inc.,* 817 F.Supp. 1558, 1560–61 (M.D.Fla.1993).

## DISCUSSION

In *Bernard v. Gulf Oil Co.,* a district court issued an order virtually identical to Rule 4.04(e), Local R. M.D. Fla. 619 F.2d 459, 464

---

1. As of February 18, 1997, these motions have been responded to and are ripe.

n. 4, 466 n. 6 (5th Cir.1980) (en banc), *aff'd*, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). The district court apparently issued the order as "a prophylactic measure against potential abuses" associated with class actions, such as "solicitation of representation, solicitation of funds and of opt-out requests, and misrepresentations that may create confusion and reflect adversely on the court or the administration of justice." *Id.* at 466. The order was not issued on a finding of actual abuse. *Id.*

The Fifth Circuit Court of Appeal held, *inter alia*, that the order restricting communication by parties and their counsel with actual and potential class members was an unconstitutional prior restraint. *Id.* at 467, 478. The court refused to make an exception to the ban on prior restraints—"the most serious and the least tolerable infringement on First Amendment rights"—merely because of the *potential* for abuse in a class action. *Id.* at 474–75. Rather, "exceptional circumstances" would have to be present and the defendant would have to show "direct, immediate and irreparable harm" in order to justify such a prior restraint. *Id.* at 476. The court listed the following factors that could affect a district court's decision to ban communications:

> (1) the occurrence of misconduct or the threat of it, (2) the composition and size of the class, (3) the nature of the claim, (4) the historical policies of the district court in administering class actions, (5) the identity, experience and standards of the lawyers, (6) the mores of the bar, (7) the necessity for discovery, and (8) many others.

*Id.*

With regard to the circumstances in *Bernard*, the court concluded that none of four (4) "major potential abuses" relied on by the district court—solicitation of representation, solicitation of funds and of opt-out requests, and misrepresentations that may create confusion and reflect adversely on the court or the administration of justice—presented "any direct or immediate threat to the litigation...." *Id.* Furthermore, the defendants

in *Bernard* failed to show that any "reasonable alternatives with lesser impact" were unavailable to the district judge, whose order "suppresse[d] essentially everything, and one seeking to exercise his right to speech or association must petition the court." *Id.* at 476–77. Finally, the Fifth Circuit emphasized that the prior restraint occurred without any procedural safeguards, namely: (1) evidence, (2) some way to test the potential abuses asserted, (3) findings of actual or threatened abuses, or (4) conclusions of law.

After granting certiorari, the Supreme Court affirmed the Fifth Circuit's en banc decision, but not on First Amendment grounds.[2] Rather, the Court held that the district court's order was inconsistent with Rule 23, Fed.R.Civ.P. 452 U.S. at 103, 101 S.Ct. at 2201. The Court reasoned that "[t]he record reveal[ed] no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order." *Id.* In particular, the Court noted that the defendant's unsworn charges of plaintiffs' attorneys' misconduct were insufficient to justify the order. *Id.* at 103 n. 18, 101 S.Ct. at 2201 n. 18. Rather, the Court required that an order restricting communications "be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.... [S]uch a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 101–102, 101 S.Ct. at 2200–2201.

■ In the instant cases, the Court concludes that the magistrate judge's R & R unduly restricts the First Amendment rights of the plaintiffs and their attorneys. As the magistrate judge correctly found, the record does not support a finding of actual abuse by the plaintiffs or their counsel. Just as the unsworn allegations of misconduct by defense counsel were insufficient in *Bernard*, 452 U.S. at 103 n. 18, 101 S.Ct. at 2201 n. 18, they

---

2. The Fifth Circuit's decision, in its entirety, constitutes the law of this circuit. *Kleiner v. First* *National Bank of Atlanta*, 751 F.2d 1193 (11th Cir.1985).

are insufficient here. Further, Motel 6 certainly has not shown any "direct, immediate and irreparable harm" resulting from the potential for abuse. Rather, counsel for both the *Jackson* and *Petaccia* plaintiffs represent, as officers of the Court, that they will refrain from soliciting potential class members and funds. These professional representations, breaches of which are subject to the Court's disciplinary and sanctioning power, serve to minimize two (2) of the three (3) potential abuses recognized by Rule 4.04(e) and relied on by the district court in *Bernard.* 619 F.2d at 474–75.[3]

The third potential abuse, misrepresentation, is minimized by the protocol incorporated into the R & R. To doubly ensure that potential class members understand the true status of the *Jackson* and *Petaccia* cases, the Court supplements said protocol by requiring all instances of communication to end with the following nominally burdensome statement:

> *BY ORDER OF THE DISTRICT COURT, I REMIND YOU THAT THE PLAINTIFFS' ALLEGATIONS OF RACIAL DISCRIMINATION BY MOTEL 6 ARE, TO DATE, JUST THAT—ALLEGATIONS. THEY HAVE NOT BEEN PROVEN TRUE IN A COURT OF LAW. ALSO, I REMIND YOU THAT, TO DATE, THE COURT HAS NOT APPROVED THE JACKSON OR PETACCIA CASES TO BE CLASS ACTIONS.*

Given these protections, the R & R effectively deals with many of Motel 6's concerns, and the Court will supplement the R & R by adopting the *Jackson* plaintiffs' *ex parte* proposal and the *Petaccia* plaintiffs' "mass mailing" proposal, as ordered below.

■ While the record in these cases is insufficient to deny any leave from Rule 4.04(e), the record easily justifies the Court's decision not to suspend the Rule in its entirety. One of the main reasons behind the plaintiffs' motions for relief from the Rule is to build an adequate record for class certification. However, this reason is highly suspect in light of the fact that the plaintiffs have long-since filed their motions for class certification. Indeed, Motel 6 has responded *to both motions and class certification under Rule 23, Fed.R.Civ.P., is now ripe and pending before this Court.* In addition, Motel 6's concern about its goodwill and employee relations, which is corroborated by an affidavit, deserves some attention by the Court. Mild restrictions on communication are warranted since, according to Motel 6, the allegations in both the *Jackson* and *Petaccia* complaints are limited to six (6) motels in three (3) states. Unfettered and unsupervised nationwide communications prior to class certification could pose a very real and immediate threat to Motel 6's business integrity.

Analyzing the factors listed by the Fifth Circuit, 619 F.2d at 476, and weighing the rights and concerns of the parties, as emphasized by the Supreme Court, 452 U.S. at 101–102, 101 S.Ct. at 2200–2201, this Court is convinced that the communication order listed below is narrowly tailored and is a product of sufficient procedural safeguards. Liberal leave from Rule 4.04(e) is appropriate in light of: (1) the lack of actual, and promises to refrain from future, misconduct, (2) the potentially large size of the class, (3) the serious allegations of racial discrimination, (4) the plaintiffs' need to effectively prepare for trial, and (5) the professional responsibilities imposed on the lawyers by the Rules Regulating the Florida Bar, which also govern this Court pursuant to Rule 2.04(c), Local R. M.D. Fla.

On the other hand, partial retention of the Rule's restrictions is needed given: (1) the potentially geographically limited actions giving rise to these suits, (2) the historical use of Rule 4.04(e) by this and other courts in the Middle District of Florida, and (3) the imminence of a decision by this Court as to whether to certify the classes, which renders fur-

---

**3.** The district court in *Bernard* relied on a fourth potential abuse that is also listed in Rule 4.04(c), solicitation of opt-out requests. However, this potential abuse is not relevant to this case; it usually relates to communications between a class action defendant and actual or potential class members. *E.g., Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193 (11th Cir.1985) (affirming sanctions against a defense attorney who solicited opt-outs from potential class members in violation of district court's order).

ther discovery of class certification issues unnecessary.[4]

Having examined the appropriateness of restrictions under the circumstances of the *Jackson* and *Petaccia* cases, the Court (1) **adopts** the magistrate judge's R & R to the extent repeated without alteration, (2) **supplements** the magistrate judge's R & R to the extent underlined, and (3) **deletes** the magistrate judge's R & R to the extent lined-through:

   a. Counsel for the plaintiffs may establish one or more telephone numbers, with a 1–800 prefix, through which persons who wish to inquire about either the *Jackson* or *Petaccia* cases may call.

   b. Counsel for the plaintiffs may publish one or more notices in the publications of their choice. Such notices would generally contain the following information: (1) identify the case; (2) set forth questions inquiring whether persons have knowledge of, or encountered, each of the practices alleged to be discriminatory in the *Jackson* and/or *Petaccia* complaints; (3) identify the 1–800 telephone number which persons may call who wish to inquire about one or both cases and indicate the purpose of the telephone number; and (4) identify the names and organizational affiliation of one or more persons whom interested individuals may contact. Before publication of any notice, the substances of any such notice will be submitted to the Court and opposing counsel for their review, and opposing counsel shall have five (5) days to notify the Court of any objections.

   c. Counsel for the plaintiffs may respond to requests for information initiated by persons who are already parties to the case or potential class members with the exception that counsel for plaintiffs is prohibited from communicating with current management or current supervisory employees of the defendants. Upon inquiries by persons who are not management or supervisors for the defendants, counsel shall provide the following information: (1) identify him or herself; (2) identify the litigation, where it is pending and its status; (3) indicate that the purpose of the communication is to inquire about practices at Motel 6 which are believed to be discriminatory and, where appropriate, describe one or more of the specific practices alleged to be discriminatory in the *Jackson* or the *Petaccia* complaints or both; (4) indicate that the person with whom the communication is occurring may decline to speak to them.

   d. Counsel for the plaintiffs shall not solicit persons to be additional plaintiffs in ~~these cases,~~ or solicit fees and expenses, or agreements to pay fees and expenses for, these cases.

   e. ~~After a current employee has responded to the above advertisements or called the 1–800 number, then~~ [C]ounsel for the plaintiffs may disseminate by mail one or more letters to current employees of Motel 6 who hold non-managerial and/or non-supervisory positions in the motels. The letters shall generally contain the following information: (1) identify the case and describe the status of the litigation; (2) set forth questions inquiring whether any employees have knowledge of, or encountered, each of the practices alleged to be discriminatory in the *Petaccia* and/or *Jackson* complaints; (3) identify the 1–800 telephone number which persons may call who wish to inquire about one or both cases and indicate the purposes of the telephone number; and (4) identify the names and organizational affiliation of one or more persons whom interested individuals may

---

4. As an aside and as chief judge of this district, the undersigned suggests that Rule 4.04(c), Local R. M.D. Fla., be re-examined by the Local Rules Advisory Committee at its next convention. An earnest review of the law of this circuit leads the undersigned to conclude that automatic and presumptive imposition of the broad communication restrictions contained within Rule 4.04(c) to every case sought to be maintained as a class action is potentially unconstitutional. As both the Fifth Circuit, sitting en banc prior to the creation of the Eleventh Circuit, and the Supreme Court stressed in *Bernard* (albeit for different reasons), a clear record and specific findings are necessary *before* a judge can issue a "gag order" such as Rule 4.04(e). The Court also notes that, according to the *Jackson* plaintiffs, other districts in the Eleventh Circuit, namely Southern Florida and Northern Georgia, have struck down or deleted substantially similar rules based on *Bernard.* *(See* Docket No. 59).

contact. Before disseminating any letters, the substance of any such letters will be submitted to the Court and opposing counsel for their review, and opposing counsel shall have five (5) days to notify the Court of any objections.

f. The Plaintiffs, and their counsel, may communicate ex parte with persons who may have knowledge of the practices alleged to be discriminatory in the *Jackson* and the *Petaccia* complaint, but neither may communicate with current management or current supervisory employees of the defendants concerning these cases. Before any communication occurs *ex parte* with any such person, the plaintiff or counsel who will participate in the communication will state the following: (1) identify him or herself: (2) identify the litigation, where it is pending and its status: (3) indicate that the purpose of the communication is to inquire about practices at Motel 6 which are believed to be discriminatory and, where appropriate, describe one or more of the specific practices alleged to be discriminatory in the *Jackson* or the *Petaccia* complaints or both; (4) indicate that the person with whom the communication is occurring may decline to speak to them.

g. All communication shall be conducted in accordance with the Rules Regulating the Florida Bar, the Federal Rules of Evidence, and all other applicable rules.

h. At the close of every instance of communication initiated or responded by the plaintiffs or their counsel the following statement shall be slowly read or conspicuously written.

**BY ORDER OF THE DISTRICT COURT, I REMIND YOU THAT THE PLAINTIFFS' ALLEGATIONS OF RACIAL DISCRIMINATION BY MOTEL 6 ARE, TO DATE, JUST THAT— ALLEGATIONS. THEY HAVE NOT BEEN PROVEN TRUE IN A COURT OF LAW.**

**ALSO, I REMIND YOU THAT, TO DATE, THE COURT HAS NOT APPROVED THE *JACKSON* OR *PE-***

***TACCIA* CASES TO BE CLASS ACTIONS.**

Consistent with these terms, it is **ORDERED** that (1) the motions for relief from Rule 4.04(e) (Docket Nos. 6[96–115–CIV] and 59[96–72–CIV]) be **GRANTED IN PART** and **DENIED IN PART**; (2) the motion for oral argument (Docket No. 58) be **DENIED** as moot; (3) the *Jackson* Plaintiffs' objections (Docket No. 117) be **SUSTAINED IN PART** and **OVERRULED IN PART**; (4) the *Petaccia* Plaintiffs' objections (Docket No. 116) be **SUSTAINED IN PART** and **OVERRULED IN PART**; and (5) the Defendants' objections (Docket No. 124) be **OVERRULED.**

**DONE AND ORDERED.**